**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4059**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIAM HIGGINBOTHAM, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:08-cr-00023-FPS-JES-1)

Submitted:  May 28, 2009         Decided:  June 5, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William J. Higginbotham, Jr., pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to 63 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court adequately conducted the Fed. R. Crim. P. 11 plea hearing. Higginbotham was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal, asserting that Higginbotham validly waived his right to appeal in his plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to

2

conclude that Higginbotham knowingly and voluntarily waived his right to appeal his sentence. Because Higginbotham's valid and enforceable waiver of appellate rights precludes review of any sentencing issues raised on appeal or conducted by this court under Anders, we grant, in part, the Government's motion to dismiss the appeal of Higginbotham's sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Higginbotham's conviction raised by counsel or revealed by our review pursuant to Anders. Nonetheless, our review of the transcript of the plea colloquy leads us to conclude the district court fully complied with the mandates of Rule 11 in accepting Higginbotham's guilty plea and ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm Higginbotham's conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Higginbotham's conviction and dismiss his appeal of his sentence. This court requires that counsel inform Higginbotham, in writing, of his right to petition the Supreme Court of the United States for further

3

review.  If Higginbotham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Higginbotham.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>